HANNAH R. MELMAN, Appellant, v. JOSEPH B. MELMAN, Respondent.— Order denying plaintiff's motion to amend judgment by increasing amount of alimony affirmed, without costs. While plaintiff would be entitled to a modification upon a showing that the agreement was entered into by misrepresentation upon the part of the husband, or upon a showing of changed circumstances since the agreement was entered into and incorporated in the judgment, no such showing has been made upon this application. Kapper, Hagarty, Seeger, Carswell and Scudder, JJ., concur.

BEEKMAN G. MITCHELL, Appellant, v. LUCKENBACH STEAMSHIP COMPANY, INC., Respondent.— Order granting defendant's motion for examination before trial affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Kapper, Hagarty, Seeger, Carswell and Scudder, JJ., concur.

GIUSEPPA MOSCHILLA, Individually and as Guardian ad Litem of GIUSEPPE SULFABO, an Infant, Appellant, v. GIOVANNI DIQUARTO and MARIA DIQUARTO, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the admission of the testimony that plaintiff on previous occasions had slid down the banister was prejudicial error. Lazansky, P. J., Rich, Young and Kapper, JJ., concur; Seeger, J., dissents and votes to affirm.

SAMUEL L. NORMAN, Respondent, v. RIGHT IDEA BUILDERS, INC., Appellant. JACOB SLADE and CREST HOLDING CORPORATION, Defendants. (Appeal No. 1.) — Order denying motion of defendant Right Idea Builders, Inc., to dismiss complaint for failure to state facts sufficient to constitute a cause of action against it reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days upon payment of costs to date. The first cause of action does not allege, nor can it be inferred, that the purchaser of appellant's property was the one procured by plaintiff. The second cause of action is insufficient as an action for fraud and deceit or for a conspiracy to defraud plaintiff and deprive him of his commissions. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.